UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CRAWFORD,<br><br>                Plaintiff,<br><br>                v.<br><br>ALEJANDRO N. MAYORKAS,<br><br>                Defendant. | Civil Action No. 22-1491 (JMC) |

**MEMORANDUM OPINION**

Plaintiff James Crawford initiated this action, pro se, against Alejandro N. Mayorkas, Secretary of the U.S. Department of Homeland Security ("Defendant"), alleging race discrimination and retaliation. ECF 1. Defendant moved to dismiss or, in the alternative, for summary judgment. ECF 5. The Court agrees that Plaintiff's complaint fails to state a claim for either race discrimination or retaliation and **GRANTS** Defendant's motion to dismiss.[1]

**I.   BACKGROUND**

Plaintiff James Crawford, who is African American, works as a Senior Security Specialist at the Department of Homeland Security's Office of the Chief Security Officer ("OCSO") facility in Washington, D.C. ECF 1-1 at 1. His lawsuit concerns a security incident that occurred on the job. On August 29, 2019, several hard drives and computer systems containing classified information were discovered in an unclassified storage area of the facility. ECF 1 at 2. Plaintiff was the security manager of the building where these materials were found, so his supervisor

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

assigned him to conduct a "preliminary inquiry" into the matter. *Id.* His inquiry was inconclusive; he did not determine who put the classified materials in the unclassified storage area. *Id.* As a result, the OSCO asked the Internal Security Division ("ISD") to launch a formal investigation to identify the responsible person. *Id.*

The ISD twice interviewed Plaintiff as part of its formal investigation. ECF 1 at 3. After it interviewed him the second time, on February 6, 2020, the special investigator conducting the interview asked Plaintiff to sign a sworn statement. *Id*. But he did not do so. *Id.* According to Plaintiff, someone told him that ISD would use the statement to suspend his security clearance. *Id.*

Plaintiff does not allege that anything happened to him because of, or during, the ISD's investigation. He does not claim that his security clearance was ever suspended, that he was disciplined, that the investigation interfered with his ability to do his job, or even that he was the target of (as opposed to a witness regarding) the security incident. According to Plaintiff, the investigation of this incident was still pending at the time he filed his complaint. *Id.* at 2. But Plaintiff seems to fear what might happen because of this investigation. His complaint alleges that "the formal investigation was started to tie [him] into the cause of the security incident [and] to suspend [his] security clearance." *Id.* He alleges that he is aware of two incidents where ISD interviewed an African-American employee as part of an investigation and later suspended the employee's security clearance, supposedly for a "lack of candor." *Id.* He also identifies an instance in which ISD did not open a formal investigation into improperly stored classified materials and the security manager was white. *Id.* at 4.

On March 26, 2020, Plaintiff filed an EEO complaint alleging race discrimination and reprisal. ECF 1-1 at 1. After a hearing, the Equal Employment Opportunity Commission ("EEOC") found that no discrimination had occurred. *Id.* at 2. Plaintiff appealed that decision, which the

EEOC affirmed. *Id.* After Plaintiff filed suit in this Court, Defendant moved to dismiss or, in the alternative, for summary judgment. ECF 5. The Court issued an order informing Plaintiff of the potentially dispositive motion and the consequences of failing to respond. ECF 6. Plaintiff submitted his response, ECF 7, which the Court also considers in resolving Defendant's motion.

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint," but need not do the same for legal conclusions. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). At bottom, the complaint must contain allegations sufficient to permit a "reasonable inference that the defendant is liable for the misconduct alleged." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011) (quoting *Iqbal*, 556 U.S. at 678). Where, as here, the plaintiff is proceeding pro se, the court must "liberally construe[]" the allegations, and hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III.    ANALYSIS

For the reasons described below, the Court finds that Plaintiff's complaint does not state a viable claim for either race discrimination or retaliation. Because the Court concludes that dismissal is warranted under Rule 12(b)(6), it need not consider Defendant's alternate argument that summary judgment is appropriate.

### A. Plaintiff Fails to State a Claim for Race Discrimination

Title VII prohibits race and certain other forms of discrimination "with respect to [the employee's] compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1). But, as the D.C. Circuit has recognized, "not everything that happens at the workplace affects an employee's terms, conditions, or privileges of employment." *Chambers v. District of Columbia,* 35 F.4th 870, 874 (D.C. Cir. 2022) (en banc). This case is a good illustration of that point.

Plaintiff's complaint alleges no conduct by Defendant constituting discrimination with respect to any term, condition, or privilege of his employment. According to Plaintiff, he works as a security manager for Defendant. ECF 1 at 2. A security incident, involving the improper storage of top-secret material, occurred. *Id*. His preliminary inquiry did not reveal who was responsible for the breach, so Defendant initiated a formal investigation. *Id.* Plaintiff acknowledges that such investigations are part of the roles and responsibilities of his position. *Id.* at 2–3. He was interviewed in connection with the formal investigation, twice, and declined to provide a formal statement to investigating officials. *Id.* at 3. That is the extent of what happened to him. Tracking the language of the statute, he does not allege any discrimination with respect to his compensation. His complaint contains no information that any term or condition of his employment was ever changed or impacted—for an improper reason or otherwise. There are no allegations in his complaint that the formal investigation, and interviews specifically, affected where or how he worked. Defendant subjecting him to two interviews about a security incident and asking him to make a formal statement is far from the type of severe or pervasive conduct that interferes with an employee's ability to do his job and constitutes workplace harassment under applicable caselaw. *See Chambers*, 35 F.4th at 877–78 (recognizing that "an abusive working environment amounts to a 'constructive alteration in the terms or conditions of employment' only if harassment is severe

4

or pervasive.") (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 752 (1998)). And Plaintiff does not allege or argue that any of the privileges he enjoyed as an employee were revoked, altered, or affected because of his race. According to the face of his complaint, his suspicion that investigating officials may have been trying to use the investigation as a ruse to revoke his security clearance has not materialized. To the extent that other African American employees have been suspended for reasons that Plaintiff disagrees with, that is not Plaintiff's situation. In short, the Court declines to hold that Plaintiff being interviewed in connection with a security incident related to his job duties is the type of conduct, standing alone, that affects the terms, conditions, or privileges of his employment.

### B. Plaintiff Fails to State a Claim for Retaliation

Plaintiff also alleges that he is "being pursued because of . . . reprisal." ECF 1 at 3. To state a Title VII retaliation claim, Plaintiff must allege that: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action by his employer; and (3) that a causal link connects the two. *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. of Libr. of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013). The Court agrees with Defendant that Plaintiff's complaint does not state such a claim.

First, both Plaintiff's complaint and his response to Defendant's motion are silent about Plaintiff's protected activity. He does not allege, for example, that he complained about any disparate treatment (informally or formally) before ISD launched its formal investigation. Second, nothing that happened to him constitutes a "materially adverse action," which is an action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see also Chambers*, 35 F.4th at 876–77 (recognizing same). The Court does not find that any reasonable

employee would be deterred from complaining about discrimination because their employer asked them to assist with the investigation of a security incident that fell within the scope of their job responsibilities. Plaintiff's fears about what could have, but did not happen, are not actionable. Having failed to satisfy the first two elements of his claim, he cannot plausibly allege a causal link between them.[2]

## IV.     CONCLUSION

Plaintiff does not state a viable claim for race discrimination or retaliation. Defendant's motion to dismiss is **GRANTED**.

**SO ORDERED**.

DATE: March 29, 2024

     _____
     Jia M. Cobb
     U.S. District Court Judge

---

[2] Because Defendant has moved, in the alternative, for summary judgment, it has submitted the record of investigation (ROI) from Plaintiff's EEOC proceedings, including an affidavit Plaintiff submitted that reflects that Plaintiff's only prior EEO activities or complaints were from October 2011 and July 2018—well before the August 2019 investigation that is the subject of this lawsuit. ECF 5-1 at 55. Because the Court is dismissing Plaintiff's case under Rule 12(b)(6), it is not relying on the ROI records for any evidentiary purpose in resolving Defendant's motion.